Theodore R. CUMMINGS et al.,
Plaintiffs,

and

Nancy Aronie et al., Intervenors,

v.

Thomas J. MESKILL et al., Defendants,

and

J. Brian Gaffney, Intervenor.

Civ. A. No. 14736.

United States District Court,
D. Connecticut.

May 26, 1972.

See also 347 F.Supp. 1176.

Robert Satter, Satter, Fleischmann & Sherbacow, and James Wade, Hartford, Conn., for plaintiffs.

David B. Beizer, Hartford, Conn., for intervening plaintiffs.

Robert K. Killian, Atty. Gen., Conn., and Raymond J. Cannon and Barney Lapp, Asst. Attys. Gen., Hartford, Conn., for defendants.

Francis J. McCarthy, and Harry W. Hultgren, Jr., Hartford, Conn., for intervening defendant.

Before SMITH, Circuit Judge, BLU-MENFELD, Chief District Judge, and ZAMPANO, District Judge.

## MEMORANDUM ON MOTION FOR STAY

PER CURIAM.

The motion for stay is essentially a petition for rehearing on the merits of the court's decision of March 30, 1972, 341 F.Supp. 139.[1]

The present bicameral legislature consisting of a 36 member Senate and a 177 member House is unquestionably malapportioned and there is no necessity and, up to this point, no serious proposal for 1972 elections on the basis of the old districting. In substitution for the existing provisions, an effort was made to create a new legislature under the state constitutional provision for decennial redistricting. The proposal of the three-member board was for a Senate of 36 members and a House of 151 members. This was found invalid for failure to meet constitutional standards of numerical equality of population between districts. The Board Plan was set up in the form of census tracts which have not as yet been completely translated into territorial boundaries usable by the election officials.[2] However it appears to be conceded by all parties to the case that the methods for translation of such census tracts to usable territorial boundaries have been developed and that little time would be required to complete the task. Likewise it appears that a similar translation can be made within a reasonably short period of any other apportionment plan which is also similarly set out in census tracts. We are informed that the Special Master appointed by the court has completed such a plan which is expected to be filed today and that the Legislative Reapportionment Committee is at work on another plan expected to be submitted to the court.

The Secretary of the State has been empowered by Public Act 220, signed by the Governor May 16, 1972, to reschedule the dates for the steps in the nominating process for the General Assembly.

If this court should grant the stay the effect would be to place in effect a new apportionment never before used as the

---

1. The intervening defendant's motion for stay was brought on May 24, 1972 and heard by two of the judges on telephonic notice to counsel, the third member of the court, Judge Zampano, being at the time engaged elsewhere and not reached until after the arguments on the motion. The transcript of the argument was sent to Judge Zampano and he has joined in the disposition of the motion.

2. The Board Plan which was held invalid by this court is also subject to a state court action seeking to correct some so-called minor discrepancies and errors in the descriptions of some of the tracts. The intervening defendant also requests this court to make such corrections in the Board Plan.

basis of an election and which after full consideration has been found by this court to be invalid, with no demonstrable advantages at this time in the orderly management of the election process. It appears that any plan approved by the court can without difficulty be placed in operation in an orderly fashion for the 1972 elections. The court will set down for hearing with all reasonable dispatch the plan submitted by the Special Master and any other plans submitted. The motion for stay is denied.

